RUSS, AUGUST & KABAT
Irene Y. Lee, State Bar No. 213625
E-mail: ilee@raklaw.com
Jean Y. Rhee, State Bar No. 234916
E-mail: jrhee@raklaw.com
Paul A. Kroeger, SBN 229074
E-mail: pkroeger@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: 310.826.7474
Facsimile: 310.826.6991

Attorneys for Plaintiff Galatea
Jewelry Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALATEA JEWELRY CORPORATION, a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SWAROVSKI NORTH AMERICA LIMITED, a Rhode Island corporation; SWAROVSKI RETAIL VENTURES LTD., a Rhode Island corporation; SWAROVSKI DIGITAL BUSINESS USA INC., a Rhode Island corporation; and SWAROVSKI CRYSTALLIZED LLC, a Rhode Island limited liability company, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR FEDERAL COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501 <br><br> DEMAND FOR JURY TRIAL |

171204 Complaint.docx

**COMPLAINT; DEMAND FOR JURY TRIAL**

Plaintiff Galatea Jewelry Corporation ("Galatea") alleges for its complaint against Swarovski North America Limited, Swarovski Retail Ventures Ltd., Swarovski Digital Business USA Inc., Swarovski Crystallized LLC (collectively, "Swarovski" or "Defendants") and each of them as follows:

## Galatea's Story

1. This case arises out of Swarovski's infringement of unique and original copyrighted jewelry designs created by Galatea's principal, Chi Huynh, who is a life-long artist and a well-respected jewelry designer and inventor.

2. Chi began learning the jewelry trade as a child by apprenticing for his father, a well-respected jeweler in South Vietnam.

3. When the Vietnam War ended in 1975, poverty and political chaos ensued, and many South Vietnamese fled in search of a better life. In 1981, Chi, who was around 11 years old at the time, joined the flood of South Vietnamese refugees, slipping away in the middle of the night on a boat to seek out an older brother who had resettled in Rosemead, California. After weeks at sea, during which time the boat Chi was on had its engine die, was robbed by pirates, and ran out of food and water, a small fishing vessel rescued it by towing it to Thailand.

4. Chi then stayed at a Thai refugee camp for six months before he was reunited with his older brother in the United States. Unable to speak English at first, Chi used his art to communicate with his peers.

5. Chi's deep passion for art, design, and innovation eventually led him to art school, and from there to the jewelry industry, where he quickly made a name for himself with his one-of-a-kind designs and processes, including for Galatea's Diamond in a Pearl™ line (hand-carved pearls), the Galatea Pearl® line (the world's first gemstone-enucleated pearls, created through a patented process), the DavinChi Cut® line (gemstones cut and set using a patented process to give the visual illusion of changing color depending on the viewing angle like a kaleidoscope), the patented Momento Pearl® (the world's first near-field communication (NFC) interactive

jewelry line, where gems are embedded with chips that a gift giver can load with digital memories, such as photos or voice recordings, which the recipient accesses by tapping the jewelry to an NFC-enabled smartphone), the Shape Memory Jewelry™ line (jewelry that changes shape when warmed) – and, as is especially pertinent here, for Galatea's Two of One Heart™ line, which is discussed in greater detail below.

6. Chi's cutting-edge designs for Galatea are sold through over 1,000 retail jewelers throughout the United States, and Galatea's website, www.galateausa.com.

7. Chi's designs have also been exhibited at major trade shows, such as JCK, IJO (Independent Jewelers Organization), AGTA (American Gem Trade Association), and featured in and on mainstream and industry publications and websites, including, but not limited to, TechCrunch, JCK, National Jeweler, and Watch & Jewelry Review. They have also won many accolades and awards, including from JCK (2012 Jewelers' Choice Awards, 2013 Finalist for Jewelers' Choice Awards, 2016 Think Tank Finalist), IJO's VIP Vendor award for 2015-2016, the Cultured Pearl Association of America (2012 Designer's Award, 2013 Visionary Award), the Platinum Guild International Design Competition, and the Tahitian Pearl Trophy Competition.

**Chi Creates Designs for Galatea's Two of One Heart™ Line**

8. In 2009, Chi developed a unique and original abstract jewelry design that he named "Two in One Heart" to capture his vision of love as a union of two individuals, at once both separate and together, with an optical illusion of a single heart comprised of two overlapping hearts formed from the same contiguous loop of metal ("TWO IN ONE HEART Design"). A true and correct copy of the copyright registration for the TWO IN ONE HEART Design, United States Copyright Registration No. VAu 1-002-027, which issued on October 2, 2009, is attached as **Exhibit A**, along with a true and correct copy of the TWO IN ONE HEART Design.

9. A short time later, Chi created a catalog for Galatea's Two of One Heart™ line, featuring pendants, earrings, and rings in the TWO IN ONE HEART Design and other jewelry designs derived therefrom ("TWO OF ONE HEART Catalog"). A true and correct copy of the copyright registration for the TWO OF ONE HEART Catalog, United States Copyright Registration No. VAu 1-010-959, which issued on January 8, 2010, is attached as **Exhibit B**, along with a true and correct copy of the TWO OF ONE HEART Catalog.

10. Galatea is now the owner by assignment from Chi of all right, title, and interest in and to the copyrights in the TWO IN ONE HEART Design and TWO OF ONE HEART Catalog (collectively, the "TWO OF ONE HEART Designs"), and their corresponding registration certificates, including all right, title, and interest in and to all past, present, and future causes of action for infringement thereof.

11. In 2010, several years before the infringement complained of herein commenced, Galatea offered for sale and sold its Two of One Heart™ line featuring the TWO OF ONE HEART Designs through, *inter alia*, the TWO OF ONE HEART Catalog, Galatea's retail jeweler network, Galatea's website, and various trade shows, including the JCK trade show, which, on information and belief, Swarovski also routinely participates in.

12. The Two of One Heart™ line was also featured in a full-page spread in the February 2010 edition of Watch & Jewelry Review, complete with a color photograph of a pendant, earrings, and a ring in the TWO OF ONE HEART Designs.

**Swarovski's Infringing Conduct**

13. On information and belief, in around January 2016, years after Chi's creation and Galatea's publication of the TWO OF ONE HEART Designs, Swarovski began manufacturing, distributing, advertising, promoting, selling and/or offering for sale, and/or causing to be manufactured, distributed, advertised, promoted, sold and/or offered for sale, without authorization or license from Chi or Galatea, jewelry featuring a design that is a copy of, and/or is substantially similar

1   to, the TWO OF ONE HEART Designs (the "Infringing Design").

2   14.   More specifically, in around January 2016, Swarovski began advertising, promoting, selling and/or offering for sale, pendants and bangles in the Infringing Design (the "Infringing Products") as part of its "new Valentine's Day collection," including via promotional videos starring supermodel Miranda Kerr.

15.   The following is a side-by-side comparison of one of Galatea's federally registered TWO OF ONE HEART Designs and one of Swarovski's Infringing Products:

| **Galatea** | **Swarovski** |
|---|---|
|  |  |

16.   The steps taken by Swarovski to copy Galatea's TWO OF ONE HEART Designs are readily apparent. To arrive at the Infringing Product shown above right, Swarovski merely (1) horizontally flipped the Galatea design shown above left; (2) removed the existing diamonds; (3) covered a larger portion of the design with crystals; and (4) tapered the points and rounded the edges as follows:



17.   Prior to and simultaneous with releasing its Infringing Products, Swarovski offered jewelry featuring heart designs, but none of its other heart designs were selected, coordinated, and arranged in the unique and original manner of the TWO OF ONE HEART Designs, which involve an optical illusion of a single heart

171204 Complaint.docx
4
**COMPLAINT; DEMAND FOR JURY TRIAL**

comprised of two overlapping hearts formed from the same contiguous loop of metal.

18. Examples of Swarovski's extensive efforts to market the Infringing Products in conjunction with Valentine's Day 2016 are shown below:













19. On information and belief, since debuting the Infringing Products for Valentine's Day 2016, Swarovski has continually been manufacturing, distributing, advertising, promoting, selling and/or offering for sale, and/or causing to be manufactured, distributed, advertised, promoted, sold and/or offered for sale, without authorization or license from Chi or Galatea, such products nationwide and in this judicial district through its brick-and-mortar stores, its website, www.swarovski.com, and third-party distributors such as Amazon.com and Macy's. Among other things, Swarovski has repeatedly highlighted the Infringing Products in its marketing and sales efforts for major shopping holidays, including Mother's Day 2016, Valentine's Day 2017 and, most recently, Cyber Monday 2017, as shown below:







20. On information and belief, Swarovski's choice of a design that is a copy of, and/or is substantially similar to, the TWO OF ONE HEART Designs, which had long been promoted and made available in the marketplace by Chi, Galatea, and third-party retailers and media outlets, was intentional. At the very least, Swarovski's choice was made with reckless disregard for Chi and Galatea's rights in the TWO OF ONE HEART Designs.

21. On information and belief, Swarovski will continue to manufacture, distribute, advertise, promote, sell and/or offer for sale, and/or cause to be

manufactured, distributed, advertised, promoted, sold and/or offered for sale, without authorization or license from Galatea, the Infringing Products unless restrained by this Court.

### Parties

22. Galatea is a California corporation with a principal place of business at 247 West Bonita Ave, San Dimas, California 91773.

23. On information and belief, Swarovski North America Limited is a Rhode Island corporation with a principal place of business at One Kenney Drive, Cranston, Rhode Island 02920.

24. On information and belief, Swarovski Retail Ventures Ltd. is a Rhode Island corporation with a principal place of business at One Kenney Drive, Cranston, Rhode Island 02920.

25. On information and belief, Swarovski Digital Business USA Inc. is a Rhode Island corporation with a principal place of business at One Kenney Drive, Cranston, Rhode Island 02920.

26. On information and belief, Swarovski Crystallized LLC is a Rhode Island limited liability company with a principal place of business at One Kenney Drive, Cranston, Rhode Island 02920.

### Jurisdiction and Venue

27. This action is for infringement of a federally registered copyright under 17 U.S.C. § 501(a) based on Swarovski's marketing and sale of its Infringing Products nationwide, including specifically to and from within California and this judicial district, and the tortious injury suffered by Galatea in this judicial district as a result thereof.

28. The Court has subject matter jurisdiction over Galatea's federal copyright infringement claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

29. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because Swarovski is subject to personal jurisdiction and

has agent's resident herein, and the claim against Swarovski arises out of its marketing and sales efforts aimed at, and conducted within, this judicial district.

## First Cause of Action:
## Federal Copyright Infringement (17 U.S.C. § 501)

30. Galatea repeats the allegations of paragraphs 1-29, *supra*, and incorporates them by reference as if herein set forth in their entirety.

31. Galatea is the owner by assignment of United States Copyright Registration Nos. VAu 1-002-027 and VAu 1-010-959 for the TWO OF ONE HEART Designs, and all the exclusive rights afforded by 17 U.S.C. § 106 as to each such design, including the rights to reproduce, prepare derivative works of, and/or distribute the design.

32. Swarovski had access to the TWO OF ONE HEART Designs, including, without limitation, through Galatea's retail jeweler network, Galatea's website, industry publications, and trade shows.

33. The actions of Swarovski described above, and specifically, its unauthorized manufacturing, distributing, advertising, promoting, selling and/or offering for sale in commerce, and/or causing to be manufactured, distributed, advertised, promoted, sold and/or offered for sale in commerce the Infringing Products bearing a design that was, on information and belief, intentionally or recklessly copied from, and/or is substantially similar to, the TWO OF ONE HEART Designs, constitute willful copyright infringement under 17 U.S.C. § 501.

34. As a direct and proximate result of Swarovski's past and continuing infringement, Galatea has suffered, and will, unless Swarovski is restrained, continue to suffer damages, as well as irreparable harm and injury for which it has no adequate remedy at law. Galatea is therefore entitled to injunctive relief pursuant to 17 U.S.C. § 502.

35. Pursuant to 17 U.S.C. § 504, Galatea is entitled to recover either its damages and Swarovski's profits directly and indirectly attributable to its

infringement of the TWO OF ONE HEART Designs in amounts to be determined at trial or, if Galatea so elects, statutory damages that should be enhanced given the willful and/or reckless nature of Swarovski's infringement. Galatea is also entitled under 17 U.S.C. § 505 to recover the full costs of this action, including reasonable attorneys' fees.

## Prayer for Relief

WHEREFORE, Galatea requests that judgment be entered in favor of Galatea and against Swarovski, as follows:

1. Finding that Swarovski willfully and/or recklessly infringed on Galatea's copyrights in violation of 17 U.S.C. § 501;

2. For an order (a) enjoining Swarovski, and all of those acting in concert with it, including its agents and servants, and all those on notice of this suit, from copying or otherwise infringing the TWO OF ONE HEART Designs, including without limitation by manufacturing, distributing, advertising, promoting, selling and/or offering for sale in commerce, and/or causing to be manufactured, distributed, advertised, promoted, sold and/or offered for sale in commerce any products bearing the Infringing Design or any other design that is the same as, substantially similar to, or a derivative of the TWO OF ONE HEART Designs, including but not limited to the Infringing Products; (b) requiring Swarovski to effectuate the recall, removal, and return from commercial distribution and/or public display any products bearing the Infringing Design or any other design that is the same as, substantially similar to, or a derivative of the TWO OF ONE HEART Designs, including but not limited to the Infringing Products, and promotional materials featuring any such products or the Infringing Design; (c) requiring Swarovski to deliver up for impoundment and destruction all products bearing the Infringing Design or any other design that is the same as, substantially similar to, or a derivative of the TWO OF ONE HEART Designs, including but not limited to the Infringing Products, and promotional materials featuring any such products or the Infringing Design in Swarovski's

possession, custody, or control and/or that are recalled by or returned to Swarovski; and (d) requiring Swarovski to file with the Court, and serve upon Galatea, within thirty (30) days of service of the judgment upon them, a written report setting forth in detail and under oath the steps taken by Swarovski to comply with the requirements set forth in sub-sections (a)-(c) of this Paragraph;

      3.    For an award of damages to compensate Galatea for the injuries caused by Swarovski's copyright infringement, and an order requiring Swarovski to account for and disgorge to Galatea all gains, profits, and advantages directly and indirectly attributable to such infringement, such amounts to be determined at trial or, if Galatea so elects, statutory damages that are enhanced given the willful and/or reckless nature of the acts alleged;

      4.    For attorneys' fees and costs of suit;

      5.    For prejudgment and post-judgment interest; and

      6.    For such other and further relief to which Galatea may be entitled as a matter of law or equity or which the Court determines to be just and proper.

Dated: December 4, 2017

Respectfully submitted,

RUSS, AUGUST & KABAT
Irene Y. Lee
Jean Y. Rhee

By: /s/ Irene Y. Lee
Irene Y. Lee
Attorneys for Plaintiff
Galatea Jewelry Corporation

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff Galatea Jewelry Corporation demands trial by jury on all issues.

Dated:  December 4, 2017

Respectfully submitted,

RUSS, AUGUST & KABAT
Irene Y. Lee
Jean Y. Rhee

By: _/s/ Irene Y. Lee_
    Irene Y. Lee
    Attorneys for Plaintiff
    Galatea Jewelry Corporation